UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINALDO MANSO,

    Plaintiff,

v.                                                      Case No:   2:18-cv-283-FtM-38MRM

D. & R. GRANITE AND MARBLE, LLC
and RONALD BOFFIL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court are the parties' Joint Motion for Approval of Settlement (Doc. 19) and Settlement Agreement and Mutual General Release (Doc. 19-2), both of which were filed on August 20, 2018.  Plaintiff Reinaldo Manso and Defendants D. & R. Granite and Marble, LLC and Ronald Boffil jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage and retaliation claims asserted in this case.  After a careful review of the parties' submissions and the court file, the Undersigned cannot recommend approval of the proposed settlement, as it currently stands.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

**ANALYSIS**

Here, there are four (4) issues that preclude a finding of fairness and reasonableness:  (1) the confidentiality clause; (2) the non-payment or non-allocation of liquidated damages; (3) the inclusion of a mutual general release that is broad and, in fact, not mutual on its face; and (4) the inclusion of multiple non-cash concessions, including a prohibition against Plaintiff's future application or re-hire, a non-disparagement clause, and a neutral reference requirement.  Also problematic (albeit curable) is the parties' request that the Court retain jurisdiction indefinitely to enforce the settlement agreement.  (*See* Doc. 19 at 4; *see also* Doc. 19-2 at ¶ 3).  Moreover, the Undersigned finds that although the severability clause in the Settlement Agreement (Doc. 19-2 at ¶ 11) might permit the Court to strike certain defects, the severability clause cannot be used to overcome all of the noted defects.

I.      **Confidentiality**

The parties purported to file their Settlement Agreement "confidentially" as Exhibit A to their Motion. (*See* Doc. 19 at 1; *see also* Doc. 19-1).[2] The Settlement Agreement itself states at Paragraph 5 that "[t]he parties will maintain the terms of this agreement [sic] confidential and shall not disclose the terms of this agreement to any third party, with the exception of to [sic] their lawful spouse, for tax reporting purposes, pursuant to a subpoena or when otherwise required by law, for approval of this agreement, and for enforcement of this agreement." (Doc. 19-2 at ¶ 5).

An employer's insistence upon a confidentiality provision as part of an FLSA settlement contravenes the policies underlying the FLSA. *Gillard v. Fleetmatics USA, LLC*, No. 8:16-CV-81-T-27MAP, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016). Further, a confidentiality provision in an FLSA settlement agreement undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). A district court "should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." *Id.* at 1243.

In this case, the confidentiality provision broadly precludes the parties, including Plaintiff, from disclosing the terms of the Settlement Agreement and Mutual General Release. (Doc. 19-2 at ¶ 5). The Undersigned finds that this provision patently contravenes the FLSA and the Department of Labor's regulatory efforts. Further, the parties affirmatively filed their agreement in the public record where it has remained for weeks without any objection. (*See*

---

[2] The parties never sought leave pursuant to M.D. Fla. R. 1.09 to file the Settlement Agreement under seal. Accordingly, the parties' filings remain in the Court's public file despite their apparent intention to file the Settlement Agreement "confidentially." (*See* Doc. 19 at 1).

3

Doc. 19-2). Confidentiality is, therefore, non-existent. Accordingly, the Court cannot approve the Settlement Agreement and Mutual General Release as a fair and reasonable resolution of this case so long as the agreement contains a confidentiality provision.

### II. Liquidated Damages

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title *shall* be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in an FLSA case, the Court must review the amount of unpaid wages paid *and* the amount of liquidated damages paid, if any, for reasonableness and fairness.

Here, the parties failed to include any discussion as to liquidated damages in their Motion (Doc. 30) or in the Settlement Agreement (Doc. 30-1). For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages. Otherwise, the Court can only speculate as to the parties' intentions. If the amounts payable to Plaintiff do not include liquidated damages, then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. If the amounts payable to Plaintiff do include liquidated damages, then the parties must specify and explain the amounts allocated to liquidated damages. Until the parties have addressed this issue in the Settlement Agreement, the

Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

### III. "Mutual" General Release

The *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Shearer*, 2015 WL 2402450, at *3. Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted). Furthermore, even if there is a mutuality of a general release, this does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Id.* at *4.

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Paragraph 1 of the Settlement Agreement here contains an expansive general release that on its face binds only the Plaintiff to release Defendants from a full panoply of known and

unknown claims beyond the claims actually asserted in this case.  (Doc. 19-2 at ¶ 1).  Although the Settlement Agreement purports by its title to include a *mutual* general release, there is nothing mutual about the release language itself as it appears in Paragraph 1.  (*See id.*).  The only claims asserted in this case arise under the FLSA for unpaid wages and retaliation.  (*See* Doc. 2 at ¶¶ 21-35).  It is not at all clear what the expected value of any other known or unknown claims might be to the Plaintiff, or what part of the settlement amount, if any, is attributed to those other unknown claims.  As such, the task of determining adequate consideration for forgone and unknown claims encompassed by the general release is impossible.  The Court is, therefore, wholly unable to determine whether this aspect of the proposed settlement is fair and reasonable.

    **IV.**    **Non-Cash Concessions**

A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and require their own fairness finding.  *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

For instance, "[c]ourts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA."  *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)).

Additionally, jurists in this District have found that "provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (citing *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010), which held that FLSA settlement agreements including non-disparagement provisions "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment").[3]

Notwithstanding this line of cases, however, other jurists in this District have approved non-cash concessions, including non-disparagement clauses, in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, the parties' briefing does not discuss whether the "No Re-Hire" clause (Doc. 19-2 at ¶ 6), the "Non Disparaging Remarks" clause (*id.* at ¶ 8), or the neutral reference clause (*id.*) they negotiated are enforceable in this context or, if so, whether these provisions were negotiated for separate consideration. (*See* Doc. 19).  Because the parties' briefing does not address these

---

[3] Although the above-cited cases do not specifically discuss neutral reference clauses as contemplating a judicially imposed prior restraint in violation of the First Amendment, the Undersigned finds that the neutral reference provision in this case (*see* Doc. 19-2 at ¶ 8) logically leads to the same conclusion—*i.e.*, that the clause limits a parties' rights under the First Amendment.

7

issues, the Court cannot determine whether the inclusion of these non-cash concessions represent a fair and reasonable resolution of the parties' FLSA disputes.

### V.     Retention of Jurisdiction

In their Motion, the parties request that the Court retain jurisdiction indefinitely to enforce the Settlement Agreement. (Doc. 19 at 4). The Settlement Agreement itself also purports to require the Court to retain jurisdiction indefinitely to enforce the terms of the agreement. (Doc. 19-2 at ¶ 3). The parties failed to provide any justification for the Court to retain jurisdiction for any period of time, much less indefinitely. The Undersigned is not inclined to recommend that the Court retain jurisdiction without an articulation of independent jurisdiction or other compelling circumstances. See *King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.).

### VI.    Severability

This Court has previously approved settlement agreements while striking certain unacceptable or unenforceable provisions of a settlement agreement. *Housen*, 2013 WL 2455958, at *2; *Ramnaraine*, 2016 WL 1376358, at *4. The severability clause in the Settlement Agreement here would permit such a result because it provides that "[i]n the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law." (Doc. 19-2 at ¶ 11).

The Undersigned finds that this mechanism might be invoked here to cure the defects noted above with respect to (1) confidentiality, (2) the non-cash concessions represented by the "no re-hire" clause, the non-disparagement clause, and the neutral reference requirement, and (3) the indefinite retention of the Court's jurisdiction to enforce the settlement agreement. However,

8

the Undersigned finds that the nature of the other defects noted above – *i.e.*, the treatment of liquidated damages and the impermissibly broad scope of the general release language – cannot be fully cured by striking certain terms or provisions from the Settlement Agreement.  Rather, those matters must be addressed directly and fulsomely by the parties for the Court to determine the fairness and reasonableness of the proposed settlement under *Lynn's Food Stores* and its progeny.  To the extent the Court must send the parties back to the drawing board to address these problems with their proposed Settlement Agreement and Mutual General Release, the parties should be required to do so comprehensively and to address all the issues highlighted above.

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case. Moreover, the parties have not justified their request that the Court retain jurisdiction to enforce the settlement.  Although the remaining terms of the settlement appear to the Undersigned to be fair and reasonable, the problems noted above preclude approval of the settlement as currently proposed.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1)  The Joint Motion for Approval of Settlement (Doc. 19) be **DENIED** without prejudice.

2)  The parties be ordered to elect one of the following options **no later than October 22, 2017**:[4]

---

[4] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

      a.      File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

      b.      Complete their compliance with Paragraphs 1-2 and 6 of the August 1, 2018 FLSA Scheduling Order (Doc. 18) and file a Case Management Report so this case may proceed.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 10, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties