UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINALDO MANSO,

    Plaintiff,

v.                                            Case No:   2:18-cv-283-FtM-38MRM

D. & R. GRANITE AND MARBLE, LLC
and RONALD BOFFIL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court are the parties' Renewed Joint Motion for Approval of Settlement (Doc. 21) and Settlement Agreement (Doc. 21-1), both of which were filed on September 21, 2018. Plaintiff Reinaldo Manso and Defendants D. & R. Granite and Marble, LLC and Ronald Boffil jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage and retaliation claims asserted in this case. After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement with modifications.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

### I.     Background

On August 20, 2018, the parties filed a prior Joint Motion for Approval of Settlement (Doc. 19) and Settlement Agreement and Mutual General Release (Doc. 19-2).  On September 10, 2018, this Court entered a Report and Recommendation (Doc. 20) recommending that the Joint Motion for Approval of Settlement be denied without prejudice based upon the language in the following four (4) provisions:  (1) the confidentiality clause;[2] (2) the non-payment or non-allocation of liquidated damages; (3) the inclusion of a mutual general release that is broad and, in fact, not mutual on its face;[3] and (4) the inclusion of multiple non-cash concessions, including a prohibition against Plaintiff's future application or re-hire, a non-disparagement clause, and a neutral reference requirement.  (Doc. 20 at 2).  In addition, the Court found problematic the parties' request to retain jurisdiction indefinitely.  (*Id.*).  No objections were filed to the September 10, 2018 Report and Recommendation.

In an Order (Doc. 22) entered on September 25, 2018, the presiding District Judge accepted and adopted the Report and Recommendation and denied the Joint Motion for Approval of Settlement (Doc. 19) without prejudice.  The parties addressed some of the problematic

---

[2] In the present Settlement Agreement (Doc. 21-1), the parties deleted the paragraph requiring the parties to maintain the settlement as confidential, which the parties had included in their prior Settlement Agreement.  (*Compare* Doc. 19-2 at 2 ¶ 5, *with* Doc. 21-1).  However, the parties still state in their Renewed Joint Motion, that "[t]he Settlement Agreement between the Parties is being filed, confidentially, as Exhibit 'A' hereto."  (Doc. 21 at 1).  Nonetheless the parties filed the Renewed Joint Motion and the Settlement Agreement electronically in the public record.  Thus, the Undersigned finds that the parties no longer appear to request that the Settlement Agreement remain confidential as it is now in the public record.

[3] The parties deleted the problematic release language found in the August 20, 2018 Settlement Agreement and Mutual General Release (Doc. 19-2 at 1-2 ¶ 1) from the present September 21, 2018 Settlement Agreement (Doc. 21-1).

language in the present Renewed Joint Motion and Settlement Agreement, but ignored other deficiencies as set forth below.

## II.     Legal Standard

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court turns to the provisions of the Settlement Agreement (Doc. 21-1).

### III.     Analysis

Plaintiff alleges that he worked for Defendants from approximately 2012 through February 9, 2018 and installed and fabricated marble for kitchens. (Doc. 2 at 2 ¶¶ 7, 8). Plaintiff claims that Defendants failed to pay Plaintiff a minimum wage and failed to pay overtime wages. (*Id.* at 2 ¶ 10). Plaintiff also claims that he worked approximately five (5) hours of overtime each week during the relevant time period. (*Id.* at 3 ¶ 11). In the unverified Complaint, Plaintiff alleges that he is owed approximately $41,310.00 in overtime wages and an equal amount in liquidated damages. (*Id.* at 3 ¶¶16-17). Against these allegations, the Court evaluates the latest proposed settlement.

#### A.     Monetary Terms, Including Liquidated Damages

The parties agree that there are disputed issues concerning the amount of wages owed to Plaintiff, if any. (Doc. 21 at 2). Further, the parties acknowledge that they will incur great expense in litigating this case, with the possibility of Plaintiff recovering nothing. (*Id.* at 3). Thus, even though a *bona fide* dispute exists between the parties and to avoid the risk and expense of continued litigation, the parties decided to settle this matter. (*Id.* at 2-3).

Under the terms of the Settlement Agreement, Plaintiff will receive $2,478.75 for unpaid overtime wages and $2,478.75 in liquidated damages. (Doc. 21-1 at 1 ¶ 2). Plaintiff will also receive $4,957.50 to settle his retaliatory discharge claim. (*Id.*). The parties agreed that these amounts are fair and reasonable. (Doc. 21 at 3). The Undersigned finds that based upon the representations of the parties, these amounts are a fair and reasonable resolution of the claims in this action. Further, the Undersigned finds that the parties have fully addressed the deficiency concerning liquidated damages raised in the September 10, 2018 Report and Recommendation. (Doc. 20 at 4-5).

### B. Non-Disparagement Provision

In both the prior August 20, 2018 Settlement Agreement and Mutual General Release (Doc. 19-2) and in the September 21, 2018 Settlement Agreement (Doc. 21-1), the parties include the following "Non Disparaging Remarks" provision:

> The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and will not make any reference to this lawsuit or Plaintiffs claim for unpaid wages or retaliatory discharge.

(Doc. 19-2 at 2 ¶ 8; Doc. 21-1 at 2 ¶ 8).

The Court thoroughly explained the defects with this provision in the September 10, 2018 Report Recommendation:

> A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and require their own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).
>
> For instance, "[c]ourts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)).
>
> Additionally, jurists in this District have found that "provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (citing *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010), which held that FLSA settlement agreements including

5

> non-disparagement provisions "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment").[4]
>
> Notwithstanding this line of cases, however, other jurists in this District have approved non-cash concessions, including non-disparagement clauses, in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).
>
> Here, the parties' briefing does not discuss whether the "No Re-Hire" clause (Doc. 19-2 at ¶ 6), the "Non Disparaging Remarks" clause (*id.* at ¶ 8), or the neutral reference clause (*id.*) they negotiated are enforceable in this context or, if so, whether these provisions were negotiated for separate consideration. (*See* Doc. 19). Because the parties' briefing does not address these issues, the Court cannot determine whether the inclusion of these non-cash concessions represent a fair and reasonable resolution of the parties' FLSA disputes.

(Doc. 20 at 6-8).

Even though the Court went to great lengths to explain the problems surrounding this non-cash concession as it appeared in the August 20, 2018 Settlement Agreement and Mutual Release, the parties failed to address these issues in the Renewed Joint Motion. (*See generally* Doc. 21). Accordingly, the Undersigned will not recommend that the Court approve the Non-Disparaging Remarks provision as it currently stands.

However, the Severability provision in the September 21, 2018 Settlement Agreement provides a cure. The Severability provision provides:

> In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

---

[4] Although the above-cited cases do not specifically discuss neutral reference clauses as contemplating a judicially imposed prior restraint in violation of the First Amendment, the Undersigned finds that the neutral reference provision in this case (*see* Doc. 19-2 at ¶ 8) logically leads to the same conclusion—*i.e.*, that the clause limits a parties' rights under the First Amendment.

(Doc. 21-1 at 2 ¶ 11).  The Undersigned previously determined that the Severability provision could potentially be invoked to cure the defects noted above.  (Doc. 20 at 8).  The Undersigned recommends that the Non-Disparaging Remarks provision be severed and stricken from the Settlement Agreement because the parties failed to explain or support why this provision is enforceable or whether it was negotiated for separate consideration.  (Doc. 21-1 at 2 ¶ 8).

### C. Retention of Jurisdiction

In the Renewed Joint Motion and in the Settlement Agreement, the parties request that the Court retain jurisdiction.  (Doc. 21 at 4; Doc. 21-1 at 1 ¶ 3).  The parties requested the same relief in the prior Motion and Settlement Agreement.  (Doc. 19 at 4; Doc. 19-2 at 2 ¶ 3).  The parties fail to provide any justification for the Court to retain jurisdiction for any period of time, much less indefinitely.  As explained in the August 20, 2018 Report and Recommendation (Doc. 20 at 8), the Undersigned is not inclined to recommend that this Court retain jurisdiction without a specific articulation of independent jurisdiction or other compelling circumstances.  *See King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.).  Thus, the Undersigned again invokes the Severability provision and recommends that the language "with the court retaining jurisdiction to enforce the terms of this agreement" (Doc. 21-1 at 1 ¶ 3) be severed and stricken.

### D. Attorney's Fees

Defendants agree to pay Plaintiffs' attorney's fees and costs in the amount of $3,792.50 for the unpaid overtime claim and the amount of $3,792.50 for the attorney's fees and costs for the retaliation claim.  (Doc. 21-1 at 3 ¶ 2).  The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff.  (Doc. 21 at 3).  As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla.

2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiffs. (Doc. 21 at 3). Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

### IV.     Conclusion

The Undersigned finds that the Settlement Agreement (Doc. 21-1) appears reasonable on its face with the exception of the Non-Disparaging Remarks provision and the parties' request to retain jurisdiction indefinitely. Accordingly, the Undersigned recommends that the Renewed Joint Motion for Approval of Settlement (Doc. 21) be granted and the Settlement Agreement (Doc. 21-1) be approved with the modification that the presiding District Judge sever and strike: (1) the Non-Disparaging Remarks provision (Doc. 21-1 at 2 ¶ 8); and (2) the language, "with the court retaining jurisdiction to enforce the terms of this agreement" (*id.* at 1 ¶ 3).

8

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Renewed Joint Motion for Approval of Settlement (Doc. 21) be **GRANTED** with the modification that the Court sever and strike: (a) the Non-Disparaging Remarks provision; and (2) the language, "with the court retaining jurisdiction to enforce the terms of this agreement."

2) The Settlement Agreement (Doc. 21-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues with the modifications stated above.

3) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 27, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties